# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Fiona Chen, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No: 14 C 50164 |
| | ) | |
| Jacob J. Lew, et al., | ) | |
| | ) | |
| *Defendants*. | ) | Judge Frederick J. Kapala |

## ORDER

Plaintiff's motion to reconsider [40] is denied.

## STATEMENT

Plaintiff, Fiona Chen, who is from Taiwan and is Asian, has sued Jacob J. Lew, United States Secretary of the Treasury; and five Internal Revenue Service ("IRS") managers or supervisors, Rebecca Solano, Jamy Kilmnick, Mark Primoli, Farris Fink, and Gayle Trier. Plaintiff alleges that she was discriminated against during her employment with the IRS from September 2002 through January 2008. This court previously dismissed all individual defendants and all of plaintiff's claims with prejudice except Counts III and VI, alleging hostile work environment and retaliation, respectively, which were dismissed without prejudice to refiling if plaintiff's counsel could do so in conformance with his Rule 11 obligations. Plaintiff, now pro se, moves to reconsider arguing only that the court erred in dismissing Count I as unexhausted. For the reasons that follow, the motion to reconsider is denied.

In dismissing Count I, alleging race and national origin discrimination, this court held that plaintiff had not exhausted her administrative remedies with regard to the distinct acts of discrimination alleged in that count because they were either untimely, not raised at all during the administrative process, or were based on events that occurred after plaintiff filed her EEOC complaint. This holding was based on defendant's supported contention that plaintiff had not exhausted administrative remedies as well as plaintiff's lack of response to that contention. Rather than responding to the failure to exhaust contention, plaintiff had maintained that "the claims of Plaintiff which comprise evidence of the hostile work environment to which she was subjected must be allowed to proceed to the extent that any of the related acts occurred within the 45-day period preceding Plaintiff's initiation of the EEO complaint within the Defendant agency on August 21, 2007." In its earlier order, this court noted that defendants had not advanced a failure to exhaust argument as to the hostile work environment claim. Accordingly, plaintiff did not take issue with defendants' contention that she had not exhausted her administrative remedies as to the distinct acts of discrimination alleged in Count I. A plaintiff's failure to respond to an argument advanced in a

Rule 12(b)(6) motion to dismiss results in a waiver of any argument in opposition. Bonte v. U.S. Bank, N.A., 624 F.3d 461, 466 (7th Cir. 2010).

      In her motion to reconsider, plaintiff argues that she did not concede a failure to exhaust but adds nothing to contradict the analysis summarized above. See Cnty. of McHenry v. Ins. Co. of the W., 438 F.3d 813, 819 (7th Cir. 2006) (noting that a court may grant a motion to reconsider where a movant demonstrates a manifest error of law or fact; however, a motion to reconsider is not an occasion to make new arguments).[1] Therefore, plaintiff's motion to reconsider is denied and this court's dismissal of Count I of the amended complaint due to failure to exhaust administrative remedies stands.

Date: 7/1/2016

ENTER:

_____
FREDERICK J. KAPALA
District Judge

---

[1] After briefing on the motions was complete, plaintiff sought and was granted leave to file evidence in support of her motion to reconsider. Plaintiff argues that two letters from the Treasury Department establish that various administrative claims were timely filed. Plaintiff does not explain why this argument was not made in opposition to the first motion to dismiss. See Caisse Nationale de Credit v. CBI Indus., 90 F.3d 1264, 1270 (7th Cir. 1996) (explaining that it is inappropriate to argue in a motion to reconsider matters that could have been raised previously raised). Nevertheless, the letters only establish the claims that were accepted for investigation, the letters do not indicate that those claims were timely. In fact, the EEOC administrative judge ultimately determined that several claims accepted for investigation were untimely.