**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | |
|---|---|
| FIONA CHEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 14 C 50164 |
| v. ) | |
| ) | Judge Sara L. Ellis |
| STEVEN T. MNUCHIN, Secretary of the ) | |
| Department of Treasury,[1] ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Fiona Chen, who is from Taiwan and of Asian national origin, is a former employee of the Internal Revenue Service ("IRS"). She alleges that the Secretary of the Department of Treasury ("the Secretary") subjected her to a hostile work environment and retaliated against her based on her national origin and race, in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.* The Secretary has moved to bar Chen from presenting and relying upon testimony from Kyle Brink, Ph.D., whom Chen retained as an expert in this case. Chen, proceeding *pro se*, opposes the Secretary's motion and, alternatively, asks the Court to postpone any ruling until trial. Because Dr. Brink's proposed expert testimony is not reliable under Federal Rule of Evidence 702, the Court grants the Secretary's motion to bar [161].

## BACKGROUND

Chen filed the operative third amended complaint in January 2018. As set forth in this complaint, Chen asserts two claims: a hostile work environment claim (Count I) and a retaliation claim (Count II). Her hostile work environment claim arises out of actions that allegedly took

---

[1] The Court substitutes Steven T. Mnuchin for Jacob J. Lew as the proper defendant in this action. *See* Fed. R. Civ. P. 25(d).

place from mid-2006 until January 2008, when Chen resigned from the IRS. Her retaliation claim is based on actions that allegedly took place after she reported discrimination to the IRS' Equal Employment Opportunity ("EEO") office in August 2007 and filed a formal EEO complaint in October 2007.

Dr. Brink has a Ph.D. in industrial/organizational psychology and teaches courses in management and human resource management at Western Michigan University's College of Business. On July 1, 2019, Chen produced a June 27, 2019 report from Dr. Brink titled "Evaluation of Evidence of Discrimination, Harassment, and Retaliation." Doc. 162-1 at 1. In his report, Dr. Brink explains that he was asked to review, evaluate, and interpret the evidence "in the context of human resource management best practices; diversity theory; and equal employment opportunity law, practices, and violations." *Id.* ¶ 3. "The vast majority of evidence" Dr. Brink reviewed, however, was from the original complaint that Chen filed in July 2014, *id.* at 3 n.1, and much of his report cites to allegations from this complaint as "evidentiary" support. Outside of these allegations, Dr. Brink refers to only a few documents that were produced during discovery or attached to Chen's original complaint: Chen's curriculum vitae, an Internal Revenue Agent position description, Chen's February 1, 2007–June 9, 2007 Departure Rating, and what appears to be an internal IRS performance management document.

Dr. Brink's report summarizes Title VII and guidance from the Equal Employment Opportunity Commission's ("EEOC") website, discusses Chen's qualifications and job performance, and sets forth what he perceives to be evidence of discrimination and harassment. Dr. Brink categorizes this evidence as a failure to provide Chen with support and development; obstacles and barriers added to Chen's job; language-based discrimination and harassment; microaggressions as discrimination and harassment; and retaliation. Ultimately, Dr. Brink

opines that "Chen was subjected to a barrage of pervasive behaviors" that, "[i]n the absence of additional information," appear to be "forms of discrimination and harassment based on race and national origin." *Id.* ¶¶ 6, 8. Citing three paragraphs from Chen's original complaint, Dr. Brink also concludes that "there is evidence of retaliation related to Chen's filing of an EEO complaint." *Id.* ¶¶ 92–95.

## LEGAL STANDARD

Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), govern the admissibility of expert evidence. *See Bielskis v. Louisville Ladder, Inc.*, 663 F.3d 887, 893 (7th Cir. 2011). Together, Rule 702 and *Daubert* provide that an expert's testimony is admissible if: (1) the expert is qualified, (2) the expert's methodology is reliable, and (3) the testimony is relevant, i.e., it will help the trier of fact understand the evidence or determine a fact in issue. *Gopalratnam v. Hewlett-Packard Co.*, 877 F.3d 771, 779 (7th Cir. 2017); *Myers v. Ill. Cent. R.R. Co.*, 629 F.3d 639, 644 (7th Cir. 2010). "The Rule 702 inquiry is 'a flexible one,'" and the Seventh Circuit grants "the district court wide latitude in performing its gate-keeping function[.]" *Bielskis*, 663 F.3d at 894 (quoting *Daubert*, 509 U.S. at 594). "Determinations on admissibility should not supplant the adversarial process; 'shaky' expert testimony may be admissible, assailable by its opponents through cross-examination" or the "presentation of contrary evidence." *Daubert*, 509 U.S. at 596; *Gayton v. McCoy*, 593 F.3d 610, 616 (7th Cir. 2010). Chen bears the burden of proving that Dr. Brink's testimony is admissible by a preponderance of the evidence. *Gopalratnam*, 877 F.3d at 782.

Because Chen is proceeding *pro se*, the Court liberally construes her briefing. *See Nichols v. Mich. City Plant Planning Dep't*, 755 F.3d 594, 600 (7th Cir. 2014). Nonetheless, she must still follow the same procedural and evidentiary rules as any represented litigant. *See*

3

*Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) ("[R]ules apply to uncounseled litigants and must be enforced."); *Borzych v. Frank*, No. 04 C 0632 C, 2005 WL 2365280, at *1 (W.D. Wis. Sept. 22, 2005) ("No lower standard applies to pro se litigants when it comes to rules of evidence and procedure.").

## ANALYSIS

The Secretary does not challenge the admissibility of Dr. Brink's opinion based on his qualifications, so the Court does not address that step of the Rule 702 analysis. *See United States v. Jett*, 908 F.3d 252, 266 (7th Cir. 2018) ("District judges are not required to undertake each step of the Rule 702 analysis when no party specifically requests it[.]"). Rather, the Secretary challenges the reliability and relevance of Dr. Brink's opinion under Rule 702. The Secretary also contends that Dr. Brink's opinion should be excluded under Federal Rule of Evidence 403.

The Court begins with the Secretary's reliability arguments. Rule 702 sets forth three requirements for reliability: (1) the expert testimony must be "based on sufficient facts or data"; (2) the expert testimony must be "the product of reliable principles and methods"; and (3) the expert must have "reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702(b)–(d); *Smith v. Ill. Dep't of Transp.*, No. 15 C 2061, 2018 WL 3753439, at *13 (N.D. Ill. Aug. 8, 2018), *aff'd*, 936 F.3d 554 (7th Cir. 2019). With respect to reliability, the Secretary argues that Dr. Brink relied upon insufficient facts and employed unreliable methods.[2] The crux of both arguments is that Dr. Brink relied only upon allegations set forth in Chen's original complaint, which is not even the operative complaint in this case. The Secretary asserts that Dr.

---

[2] The Secretary also argues that Dr. Brink's opinion does not satisfy Rule 702(d) because it "is made up solely of legal conclusions reached after acceptance of Chen's allegations[.]" Doc. 162 at 9. The Court considers this argument to be directed more towards relevance than reliability. *See Van v. Ford Motor Co.*, 332 F.R.D. 249, 270–71 (N.D. Ill. 2019) (finding that an expert's legal opinions or conclusions were "unhelpful to the trier of fact"); 4 Weinstein's Federal Evidence § 704.04[2][a] (2020) ("The most common reason for excluding opinion testimony that gives a legal conclusion is lack of helpfulness.").

Brink did not consider "the prior under-oath statements made by Chen's co-workers and supervisors during" the IRS' administrative EEO investigation, "documents produced in discovery" and "during the administrative investigation," or depositions Chen took in discovery "of supervisors and union officials." Doc. 162 at 6, 8. According to the Secretary, Dr. Brink's failure to review and consider these aspects of the evidentiary record renders his opinion unreliable.

Chen counters by arguing that it was appropriate for Dr. Brink to primarily rely upon the allegations in her complaint because "[i]t is unreasonable . . . to request an expert on a case to review . . . first hand" more than 3,500 pages of documents. Doc. 171 at 6. The Court disagrees—there is nothing unreasonable about expecting Dr. Brink to review the actual *evidence* from this case. "Expert testimony must be based on sufficient and known facts," *Constructora Mi Casita, S de R.L. de C.V. v. NIBCO, Inc.*, No. 3:16-CV-565 DRL-MGG, 448 F. Supp. 3d 965, 2020 WL 1482137, at *4 (N.D. Ind. Mar. 24, 2020), and the allegations in Chen's complaint "are *not* facts," *Tages v. Univision Television Grp., Inc.*, No. 04 C 3738, 2005 WL 2736997, at *3 (N.D. Ill. Oct. 20, 2005) (emphasis added). What is more, in the Court's experience, experts in federal litigation routinely review and consider thousands of pages of evidence (if not many more) in preparing their opinions.

Chen also asserts that Dr. Brink interviewed her, reviewed the Secretary's responses to her third amended complaint, and received "recent deposition findings." Doc. 171 at 5, 8. The Court rejects this assertion as well because Dr. Brink does not identify any of these bases in his report, which he was required to do if he considered them in forming his opinion. *See* Fed. R. Civ. P. 26(a)(2)(B)(ii) (requiring an expert's written report to identify "the facts or data considered by the [expert] witness in forming" his opinions); *see also Members*, 140 F.3d at 702

(the Federal Rules of Civil Procedure "apply to uncounseled litigants and must be enforced"). The Court therefore limits its analysis to whether the materials Dr. Brink cites or otherwise refers to in his report provide a sufficient factual basis for his opinion.

On that point, Chen contends that the allegations from her original complaint summarize relevant evidence and will "be a major part of [her] testimony and basic case" at trial. Doc. 171 at 5, 8. She also maintains that the Secretary has not demonstrated that the allegations analyzed by Dr. Brink "are false or did not exist." *Id.* at 12. These contentions run into several obstacles as well.

To the extent Dr. Brink relied upon allegations from the original complaint that Chen substantively changed or omitted when she filed her third amended complaint, he relied upon allegations that are no longer relevant to the case. *See Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999) ("[W]hen a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward."); *Carver v. Condie*, 169 F.3d 469, 472 (7th Cir. 1999) (noting that "any allegations . . . not brought forward" in an amended complaint fall "by the wayside"). But even if the Court assumes that all the allegations upon which Dr. Brink relies Chen later included in the operative complaint in some form, it is well-established that these allegations are not evidence that can create a triable issue of fact. *E.g.*, *Estate of Perry v. Wenzel*, 872 F.3d 439, 461 (7th Cir. 2017); *Brown v. Advocate S. Suburban Hosp.*, 700 F.3d 1101, 1105 (7th Cir. 2012); *Tibbs v. City of Chicago*, 469 F.3d 661, 663 n.2 (7th Cir. 2006). It stands to reason that such allegations similarly cannot provide a reliable factual foundation for expert testimony to be considered at summary judgment or at trial. *Cf. Buscaglia v. United States*, 25 F.3d 530, 533 (7th Cir. 1994) ("[E]xpert testimony may be excluded if it . . . [is] based upon speculation, unsupported assumptions, or conclusory allegations."); *Sommerfield*

*v. City of Chicago*, 254 F.R.D. 317, 326 (N.D. Ill. 2008) (expert opinion is objectionable where there is no "affirmative proof of the underlying facts" upon which the opinion is based). Indeed, courts have found that expert reports relying largely upon allegations in a complaint are not based on sufficient facts and data or are otherwise unreliable. *See, e.g.*, *Wasilewski v. Abel Womack, Inc.*, No. 3:10-cv-1857 (VAB), 2016 WL 183471, at *3 (D. Conn. Jan. 14, 2016) (noting that "[a]llegations in complaints are not evidence" and finding that an expert's methodology was unreliable to the extent he relied exclusively on allegations from complaints in other lawsuits to establish the facts regarding other accidents); *Mosby v. Railey*, No. 5:03-cv-167-Oc-10GRJ, 2005 WL 8159837, at *3 (M.D. Fla. July 29, 2005) (expert's proposed testimony was not based upon "sufficient facts and data" because it was based solely on the plaintiff's personnel file, the racial demographics of the police department, and the allegations in the operative complaint); *Rowe Entm't, Inc. v. William Morris Agency, Inc.*, No. 98 Civ. 8272 (RPP), 2003 WL 22272587, at *10 (S.D.N.Y. Oct. 2, 2003) (expert's proposed testimony did not rely on "sufficient facts or data" because it was based solely on the allegations in the complaint and the "depositions of a limited number of witnesses").

It is not enough for Chen to claim that she will later testify and present evidence in line with her complaint's allegations at trial. Just as "a party cannot defeat summary judgment with promises to furnish evidence down the line," *Penny v. Lincoln's Challenge Acad.*, --- F. App'x ----, 2020 WL 5054823, at *3 (7th Cir. Aug. 27, 2020), a party cannot claim that such promises provide a sufficient foundation for the expert testimony it wishes to provide at trial, *cf. Buscaglia*, 25 F.3d at 533 (a court may exclude expert testimony that is based upon speculation or unsupported assumptions). Nor can Chen shift the burden to the Secretary to show that allegations in her complaint "are false or did not exist." Doc. 171 at 12. It is Chen's burden to

7

demonstrate that Dr. Brink's opinion rests on a reliable evidentiary foundation; it is not the Secretary's burden to prove that the opinion does not. *See Gopalratnam*, 877 F.3d at 782; *Castrillon v. St. Vincent Hosp. & Health Care Ctr., Inc.*, No. 1:11-cv-430-WTL-DML, 2015 WL 3448947, at *2 n.4 (S.D. Ind. May 29, 2015) ("[I]t is the Plaintiff's burden to lay the necessary evidentiary foundation for her expert's opinions, not the Defendants' burden to refute it.").

Moreover, even if the Court further assumes that Chen's allegations constitute evidence upon which an expert could rely, Dr. Brink's heavy reliance on these allegations without accounting for other aspects of the record "casts significant doubt on the soundness of [his] opinion[.]" *Smith v. Ill. Dep't of Transp.*, 936 F.3d 554, 558–59 (7th Cir. 2019). Although Dr. Brink referred to a few documents in his report, including Chen's February 1, 2007–June 9, 2007 Departure Rating, he did not consider other documents produced in discovery and during the IRS' EEO investigation that, according to the Secretary, clarify or explain the actions taken by the Secretary and his employees. Nor did Dr. Brink review or consider the depositions Chen took of her supervisors and union officials. And while certain allegations from the original complaint purportedly represent aspects of the EEO investigation, there is no guarantee that these representations present a complete and accurate picture of the documentary and testimonial evidence at issue. *See Wasilewski*, 2016 WL 183471, at *3 ("Allegations in complaints . . . do [not] present a complete and factually accurate picture of what necessarily occurred."); *see also Sommerfield*, 254 F.R.D. at 326 (presuming "the reliability of the plaintiff's lawyer's summarizations of deposition testimony" and allowing the expert's "testimony to be based solely on those summaries[] would be an abdication of the screening function" imposed by *Daubert*). To obtain an accurate picture of this evidence, Dr. Brink needed to review the evidence itself, which he did not do.

To be sure, an expert's failure to consider certain evidence generally is an issue that goes to the weight of the expert's opinion, not its admissibility. *See Cates v. Whirlpool Corp.*, No. 15-CV-5980, 2017 WL 1862640, at *15 (N.D. Ill. May 9, 2017); *Loeffel Steel Products, Inc. v. Delta Brands, Inc.*, 372 F. Supp. 2d 1104, 1119 (N.D. Ill. 2005). But this presumes that the expert has relied upon "sufficient facts or data" to support his testimony and that this "testimony is the product of reliable principles and methods." Fed. R. Evid. 702(b), (c); *see Lapsley v. Xtek, Inc.*, 689 F.3d 802, 805 (7th Cir. 2012) ("*If* the proposed expert testimony meets the *Daubert* threshold of relevance and reliability, the accuracy of the actual evidence is to be tested before the jury with the familiar tools of 'vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof.'" (emphasis added) (quoting *Daubert*, 509 U.S. at 596)). "Although 'shaky' expert testimony may be admissible, subject to attack on cross-examination, . . . unreliable testimony is the very testimony that a district court, acting in its gatekeeping role, is charged with excluding." *Farmer v. DirectSat USA, LLC*, No. 08 CV 3962, 2013 WL 1195651, at *9 (N.D. Ill. Mar. 22, 2013). Here, by relying so heavily on Chen's alleged side of the story without considering potentially contrary evidence, Dr. Brink did not use a reliable method to arrive at his conclusions. *See, e.g.*, *Van*, 332 F.R.D. at 269 ("Experts who engage in cherry-picking of the evidence fail to satisfy the scientific method and *Daubert*."); *Cates*, 2017 WL 1862640, at *15 ("Ignoring relevant data is not a scientifically valid method."); *LeClercq v. The Lockformer Co.*, No. 00 C 7164, 2005 WL 1162979, at *4 (N.D. Ill. Apr. 28, 2005) (excluding expert testimony where the expert's "disregard of relevant data undermine[d] the reliability of [his] entire opinion"). In short, Dr. Brink's expert opinion is "not simply shaky" and therefore admissible, but unreliable and therefore inadmissible. *See Am. Honda Motor Co. v. Allen*, 600 F.3d 813, 818–19 (7th Cir. 2010); *Farmer*, 2013 WL 1195651, at *9.

The Seventh Circuit's decision in *Smith* is instructive. In *Smith*, the plaintiff's expert opined that the plaintiff had been subjected to a hostile work environment and retaliated against for reporting discrimination. 936 F.3d at 558–59. In doing so, however, the expert did not interview the plaintiff or even review any deposition testimony; the expert simply read the plaintiff's evaluations and portions of two manuals. *Id.* The appellate court upheld the district court's decision to exclude the expert's testimony at summary judgment because the expert's "reliance on an anemic and one-sided set of facts cast[] significant doubt on the soundness of her opinion[.]" *Id.* So too is the case here. Dr. Brink did not interview Chen. He did not review any deposition testimony or discovery responses. He did not review any of the statements given by Chen's co-workers during the previous administrative investigation. He only considered allegations from the original complaint that were drafted by Chen, two documents attached to that complaint, and a few other documents produced in discovery. As in *Smith*, Dr. Brink's failure to consider more than such "an anemic and one-sided set of facts" makes his expert opinion unreliable. *Id.*

In addition, Dr. Brink's opinion regarding Chen's retaliation claim is inadmissible independent of his failure to consider sufficient facts and evidence. Dr. Brink's opinion about Chen's retaliation claim consists of the following four paragraphs:

> 92. In addition to discrimination and harassment, there is evidence of retaliation related to Chen's filing of an EEO complaint.
>
> 93. Kilmnick referred to Chen as "an employee who filed an EEO complaint" (¶ 44).
>
> 94. Trier told Chen not to file an EEO complaint as a condition for Chen to remain in the new division (¶ 42).
>
> 95. Kilmnick reported Chen to TIGTA for criminal investigation soon after Chen proceeded with her formal EEO complaint (¶ 43).

Doc. 162-1 ¶¶ 92–95. This does not pass muster under Rule 702 and *Daubert*. An expert must "explain the 'methodologies and principles' that support his opinion; he cannot simply assert a 'bottom line.'" *Metavante Corp. v. Emigrant Sav. Bank*, 619 F.3d 748, 761 (7th Cir. 2010) (citations omitted). Yet a "bottom line" is all that Dr. Brink supplies regarding retaliation: he simply repeats allegations from Chen's original complaint and then concludes—without explanation, analysis, or reference to the elements of a retaliation claim—that these alleged facts amount to retaliation. Dr. Brink's opinion about retaliation is "a 'bottom line' conclusion" that "fails to explain the reasoning or methods employed to reach that conclusion." *In re Fluidmaster, Inc., Water Connector Components Products Liab. Litig.*, No. 14-cv-5696, 2017 WL 1196990, at *7 (N.D. Ill. Mar. 31, 2017) (citation omitted). That is, Dr. Brink's opinion is an *ipse dixit* conclusion, *id.*, and *ipse dixit* opinions are inadmissible, *Manpower, Inc. v. Ins. Co. of Pa.*, 732 F.3d 796, 806 (7th Cir. 2013) (expert opinions "connected to existing data 'only by the *ipse dixit* of the expert'" are "properly excluded under Rule 702" (citation omitted)); *Wendler & Ezra, P.C. v. Am. Int'l Grp., Inc.*, 521 F.3d 790, 791 (7th Cir. 2008) ("We have said over and over that an expert's *ipse dixit* is inadmissible."). Thus, even if Dr. Brink had considered sufficient facts or evidence in forming his opinions, the Court would still find his opinion regarding retaliation inadmissible.

In sum, because Chen has not demonstrated that Dr. Brink's expert opinions are reliable, they are inadmissible under Rule 702 and *Daubert*. This finding alone justifies granting the Secretary's motion, so the Court does not consider the Secretary's relevance and Rule 403 arguments.

11

## CONCLUSION

For the foregoing reasons, the Court grants the Secretary's motion to bar [161]. The Court precludes Chen from relying upon Dr. Brink's opinions at summary judgment or trial.

Dated: September 30, 2020

_____
SARA L. ELLIS
United States District Judge